# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *

JACQUELINE F. KING, as natural guardian and legal representative of her minor daughter, B.H.,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

* * * * * * * * * * * * * * * * * * * * *

No. 15-486V
Special Master Christian J. Moran

Filed: April 27, 2017
Attorneys' fees and costs

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner;
Camille M. Collett, U.S. Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION ON FEES AND COSTS[1]**

After receiving compensation through the Vaccine Program, Jacqueline F. King filed a motion for attorneys' fees and costs. Ms. King is awarded **$22,174.97.**

* * *

Ms. King alleged that the influenza vaccine that her daughter, B.H., received caused B.H. to suffer urticaria. Ms. King was awarded compensation based on the parties' stipulation. Decision, filed Feb. 22, 2017, 2017 WL 1080041. With the

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

merits of Ms. King's case resolved, the parties addressed the issue of attorneys' fees and costs.

On March 20, 2017, Ms. King filed the pending motion for attorneys' fees and costs. Ms. King requested $22,369.00 in attorneys' fees and $539.97 in attorneys' costs. On March 21, 2017, the Secretary filed a response to Ms. King's application. The Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Resp't's Resp., filed Mar. 21, 2017, at 3.

This matter is now ripe for adjudication.

* * *

Because Ms. King received compensation, she is entitled to an award of reasonable attorneys' fees by right. 42 U.S.C. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

* * *

Ms. King requests compensation for her attorney, Ms. Nancy Meyers. For work in this case, Ms. Meyers has charged $350.00 per hour. This rate has been found reasonable. McGehee v. Sec'y of Health & Human Servs., No. 14-1020V, 2017 WL 750573, at *1 (Fed. Cl. Spec. Mstr. Jan. 26, 2017). Therefore, Ms. Meyers will be awarded the hourly rate of $350.00.

Ms. King also requests compensation for the paralegal who worked on this case. The paralegal charged an hourly rate of $145.00. Ms. Meyers' paralegal has previously been awarded a rate of $135.00 per hour. Id. In her billing records, the paralegal who is performing the work is not identified. Ms. King has not provided

any information to justify increasing the paralegal hourly rate, therefore the paralegal will be awarded a rate of $135.00. See Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) (explaining the importance of identifying paralegals by name and providing some information about their qualifications and experience).

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Ms. Meyers spent an excessive amount of time reviewing the routine communications from the Court informing the parties that documents had been filed and the emails sent by her paralegal. While the charges were not particularly large, they appear relatively consistently throughout Ms. Meyer's billing records. Therefore, to accomplish rough justice, one hour of attorney time ($350) is deducted.

Therefore, Ms. King is awarded $21,635.00 in attorneys' fees.

In addition to seeking an award for attorneys' fees, Ms. King seeks compensation for costs expended. The costs appear reasonable. Consequently, Ms. King is awarded the full amount of attorneys' costs.

* * *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $22,174.97 ($21,635.00 in fees and $539.97 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.

Pursuant to General Order No. 9, Ms. King states that she did not personally incur any costs in pursuit of this litigation. The undersigned GRANTS the petitioner's motion and awards **$22,174.97** in attorneys' fees and costs. This shall be paid as follows:

> **A lump sum of $22,174.97, in the form of a check made payable to petitioner and petitioner's attorney, Nancy Meyers, of Ward Black Law, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.